IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMS INVESTMENTS, INC., a California corporation; and THE SCOTTS COMPANY LLC, an Ohio limited liability company,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GAIL E. SMITH, a California citizen, individually and dba "Hidden Creations," and Does 1-10,<br><br>　　　　Defendants.<br>_____ | 2:10-cv-01037-GEB-EFB<br><br>ORDER |

On December 30, 2010, the parties filed a "STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION," which incorporates by reference the parties' Settlement Agreement. (ECF No. 28.)  The Settlement Agreement has not been filed. The parties state in their December 30, 2010 filing, "[t]his court shall retain jurisdiction to enforce the terms of the Settlement Agreement." Id. at ¶10. However, notwithstanding the parties' stipulation, this court is not obligated to enter the consent judgment and permanent injunction referenced in the parties' December 30, 2010 filing. See Arata v. NuSkin Int'l, Inc., 96 F.3d 1265, 1269 (9th Cir. 1996) (stating "the mere fact that the parties agree that the court should exercise continuing jurisdiction is not binding on the court");

1  Collins v. Thompson, 8 F.3d 657, 859 (9th Cir. 1993) ("A federal court
2  may refuse to exercise continuing jurisdiction even though the parties
3  have agreed to it. Parties cannot confer jurisdiction by stipulation or
4  consent.").

5  The parties have not shown that their settlement agreement is
6  a "consent judgment," and their conclusory characterization of the
7  settlement as a "consent judgement" in their December 30, 2010 filing
8  does not govern how their settlement is ultimately defined.

> A consent decree has elements of both judgment and contract, a dual character that results in different treatment for different purposes. . . . [I]t is an agreement that the parties desire and expect will be reflected in, and be enforceable as, a judicial decree that is subject to the rules generally applicable to other judgments and decrees.
>
> . . . Because the consent decree does not merely validate a compromise but, by virtue of its injunctive provisions, reaches into the future and has continuing effect, its terms require more careful scrutiny. . . . [T]he court should, therefore, examine it carefully to ascertain not only that it is a fair settlement but also that it does not put the court's sanction on and power behind a decree that violates Constitution, statute, or jurisprudence. . . .
>
> By contrast, a private settlement . . . ordinarily does not receive the approval of the court. Nor is a private settlement agreement [typically] enforceable by a district court as an order of the court . . . .

Smyth ex rel. Smyth v. Rivero, 282 F.3d 268, 280-81 (4th Cir. 2002) (quotations and citations omitted; emphasis added)

Although the parties characterize their settlement as a consent decree, it is functionally equivalent to a private settlement over which the parties have not shown that retention of jurisdiction is required.

2

1    Further, the parties have not shown that a permanent
2 injunction is required in this case.

> According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006). The parties fail to address this legal standard in their December 30, 2010 filing, and have not shown satisfaction of the four factors.

Lastly, since the parties' state in their December 30, 2010 filing that they have settled this action, and that the action is dismissed without prejudice pursuant to the Settlement Agreement's terms, **this action is dismissed without prejudice, and shall be closed**. (ECF No. 28, ¶¶ 3, 8.) Garber v. Chicago Mercantile Exchange, 570 F.3d 1361, 1366 (Fed. Cir. 2009) (citations and quotations omitted) (indicating that a dismissal order could be entered under Fed. Rule of Civ. Proc. 41(a)(1) where "the parties' agreement meets the requirements of Rule 41(a)(1)"); Oswalt v. Scripto, Inc., 616 F.2d 191, 195 (5th Cir. 1980) (indicating that a court need not be "deterred from finding a stipulated dismissal by the fact that there is no formal stipulation of dismissal entered in the record by the [the parties]," in the situation where it is obvious that is what the parties intended). Therefore, if enforcement of the settlement agreement becomes necessary, it shall be enforced "in the usual way, that is, by a fresh suit." Jessup v. Luther,

277 F.3d 926, 929 (7th Cir. 2002) (citing <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 378-82 (1994)) (additional citations omitted).

Dated:  January 31, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge